Doolan vs. The City of Manitowoc.

*January 7 — February 3, 1880.*

City.   *Salary of night-watchman determined by terms of resolution appointing him.*

1. Under the defendant's charter, its board of aldermen have power to *appoint* night-watchmen, and to fix their compensation; and where the resolution appointing such a watchman for a year fixed his salary for that year, he cannot recover a larger sum on the ground that he did not know that such resolution reduced the compensation below the sum for which he had served the previous year.

2. Even if the employment of such watchman were not an appointment to public office, he would, on accepting the position, be bound by the terms of the resolution, entered upon the minutes of the board, directing his employment at a certain salary, in the absence of any proof of a subse-

quent modification of the contract; and payment for two quarters of the year at a higher rate, made by the city treasurer without the order or even knowledge of the board of aldermen, is no evidence of such a modification.

APPEAL from the Circuit Court for *Manitowoc* County.

Defendant appealed from a judgment in plaintiff's favor for $100 damages, alleged to be due plaintiff for his labor and services as night-watchman in the defendant city, from February 1 to May 1, 1876.

*C. E. Estabrook*, for the appellant.

The cause was submitted for the respondent on the brief of *J. D. Markham.*

TAYLOR, J. This action was brought by the respondent for a balance of $100, claimed to be due to him as a night-watchman in one of the wards of the city of Manitowoc for the year ending the first of May, 1876. The only evidence of his appointment as watchman by the city was a resolution of the board of aldermen, adopted on the tenth day of May, 1875, as follows: " On motion, council proceeded to ballot for night-watchman of the fourth ward, and on the first formal ballot *M. Doolan* received a majority of all the votes cast, and was declared duly elected at a salary of $300 per annum." The evidence showed that he had been appointed like watchman for the previous year at a salary of $400 per year, and that he was an applicant for the appointment for the year 1875-6, and was present when he was appointed for said year; but he denies that he understood that his salary was fixed at $300 per year, and affirms that he supposed he was to have the same salary he had received the year before. He was paid $100 at the end of the first and second quarters of this year; and when he called for his pay for the third quarter, he was refused, on the ground that his salary was but $300 per year. Afterwards, and before the commencement of this action, he was paid another $100, making in all $300 for his year's salary.

Under this state of facts, it is claimed by the appellant that the plaintiff has been fully paid for his services as watchman for the year ending May 1, 1876, and that he has failed to make out any cause of action against the city. The learned circuit judge held otherwise, and directed a judgment in favor of the plaintiff for the sum of $100. We are of the opinion that the learned judge erred. The facts show that the plaintiff did not continue his employment under his appointment for the previous year. He clearly understood and recognized the fact that it was necessary for him to get a new appointment to the place in May, 1875, and he presented the council a petition for such appointment at that time, and swears that he knew the board of aldermen for 1875 appointed him upon his petition as watchman for the year 1875–6.

The city charter, ch. 275, P. & L. Laws of 1870, ch. V, sec. 14, provides " that the board of aldermen shall have power to appoint such other officers as may be necessary to carry into effect the provisions of this act, and to *prescribe the duties and fix the compensation of all officers elected or appointed by the board of aldermen. Such compensation shall be fixed by resolution at the time the office is created, or at the commencement of the year, and shall not be increased or diminished during the term such officer shall remain in office.*" Subdivision 20 of sec. 7, ch. VI of said charter, provides that the board of aldermen shall have power " to regulate the police of the city, to appoint watchmen and firemen, prescribe their duties and punish their delinquencies."

We think that a night-watchman is an officer within the meaning of section 14, ch. V, above quoted, and the power given to the board of aldermen in subdivision 20 of sec. 7 of ch. VI, *to appoint watchmen*, strengthens this view. If watchmen are mere employees of the city, having no public duty to perform, it would have been more appropriate to have conferred upon the board of aldermen the power to employ rather than to appoint them.

Taking the two provisions together, it seems clear that the intention was not that the city should employ watchmen, but that they should appoint them, and fix their compensation. The compensation being fixed and the appointment made, the appointee was at liberty to accept the position and perform the duties thereof for the salary prescribed, or, if he deemed the salary inadequate, decline to accept; or if, after entering upon the performance of his duties, he became satisfied that the compensation fixed was an inadequate compensation for the labor to be performed, he could decline their further performance without subjecting himself to any liability to the city. But, whether or not a watchman is strictly an officer within the meaning of the section of the charter above quoted, he was clearly bound by the provisions of the resolution of the board of aldermen by which he was appointed. There is no pretense that he continued his services as watchman under an appointment made for any previous year. He recognized the fact that, in order to be continued as watchman, it was necessary that he should procure an appointment by the board of aldermen for the coming year, and for that purpose he presented a petition asking it. He knew, when he presented such petition, that if the board of aldermen acted favorably upon it, the records of the board would show his appointment, and fix his salary or compensation. He says he knew the board acted favorably upon his petition, and he could only know this, in a legitimate way, on inspection of their records. Having entered upon the duties of watchman upon the authority of the resolution of the board appointing him, he cannot plead ignorance of that part of it which fixes his compensation. If he entered upon the duties under the resolution appointing him, the board of aldermen had the right to suppose that he accepted the position with the compensation fixed. He did not solicit the appointment with a definite salary of $400 or any other sum; he simply solicited the appointment, leaving the question of compensation to be fixed by the board,

as the law required it should be.  The board did fix it, and he performed the service.  It is now too late for him to allege that the salary was inadequate, and demand that the city shall pay him more.  The petition for an appointment, and the appointment at a stated salary or compensation, formed a special contract, if accepted by the plaintiff.

Had the contract been between two private persons, it would not seem to admit of any doubt.  If A. says to B., " I wish you to employ me as your watchman for one year from a given date," and B. replies, " I will employ you as such for said year, and pay you for such service $300," and, without any further negotiation, A. enters upon the service and continues in it for the year, there can be no reasonable doubt but that he will be bound by the amount of compensation offered by B.

The case at bar is equally strong, if not stronger, against the plaintiff.  He was negotiating with the board of aldermen, whose duty as guardians of the rights of the city required them to fix a definite compensation to be paid to their appointees, at the time of appointing them.  Knowing this fact, he applies for an appointment, and the board make the appointment and fix the compensation, and plaintiff performs the duty.  A special contract as to compensation is made; and in such case the plaintiff cannot recover a greater sum than is agreed upon, without showing that the special contract has been abandoned by mutual agreement, and some other substituted therefor.  There is no evidence in this case that there was any change of contract.  The payment of $100 at the end of the first and second quarters by the city treasurer was not shown to have been done upon the order of the board of aldermen, or even with their knowledge.  Such payments are not, therefore, evidence of a change of the contract by the board of aldermen, and no acts of any other officer or officers of the city could bind it.

Upon the whole evidence, we think the plaintiff failed to make out any cause of action against the city.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to that court to enter judgment in favor of the defendant, dismissing the plaintiff's action.